Argued March 8, affirmed September 19, 1962

# STATE OF OREGON *v.* JOHNSON
### 374 P. 2d 481

Argued and submitted March 8, 1962.

*Benhardt E. Schmidt,* Portland, argued the cause and submitted briefs for appellant.

*Gordon M. MacLaren,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney, Portland.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

GOODWIN, J.

James Johnson appeals from a conviction under ORS 474.020 (Uniform Narcotic Drug Act) for illegal possession of codeine.

The sole issue in the case arises out of the seizure of the evidence upon which the conviction was based. Evidence seized in violation of the state and federal constitution may not be used in a criminal prosecution. *State v. Chinn,* 231 Or 259, 373 P2d 392. A brown bottle about ten inches high, and full of white pills, was seized by officers when they called upon Johnson to arrest him for a violation of a city ordinance.

The transcript of the hearing upon a motion to suppress evidence reveals all the facts we have in the case at bar. On October 10, 1960, the city police learned of the burglary of a doctor's office. A quantity of codeine and a portable radio had been reported

missing. Apparently something about the burglary prompted officers from the burglary detail to inquire whether Johnson was at large. From sources which do not appear of record, the police learned that Johnson and a female companion might be found at a Portland hotel, registered as man and wife under an assumed name. The officers checked at the hotel desk and ascertained that the persons in whom they were interested were in their room.

The transcript contains this testimony of one of the officers:

"*  *  * We then proceeded to Room 309 and knocked on the door. Mr. Johnson opened the door  *  *  *. I said 'Hello, Jimmy.' He said, 'What is the beef?' I said, 'Violation of hotel ordinance. I would like to come in.' He said 'Come on in. I have to get some clothes on.'  *  *  *."

The officer said he immediately observed the bottle of pills in plain view on the dresser. The bottle bore a serial number which the officer said he recognized as a narcotics registry number. The officers thereupon took possession of the bottle.

When the officers discovered Johnson masquerading under a false name, they had reason to believe him guilty of a misdemeanor. Registering under a false name is a violation of the Portland License and Business Code, § 20-4811. We need not now decide whether it is a continuing offense justifying arrest without a warrant under ORS 133.310 (1). In any event, Johnson's reply brief concedes that the entry of the officers in his room was lawful.

Assuming, then, that a lawful arrest was made in good faith, the officers had the right, and indeed the duty, to follow Johnson into his room in order to main-

tain their control over him after he was arrested. It then would follow that the officers had the right to observe the visible contents of Johnson's room. *State v. Chinn,* supra. Further, if the officers observed the bottle as they said they did, there would be little doubt that the seizure of the pills was also lawful. See *State v. Chinn,* supra.

■ It will be recalled that the officers testified that they entered the room and saw the pill bottle in plain sight. According to their testimony, then, there was no intensive search prior to the seizure of the bottle. Johnson, on the other hand, testified that the officers discovered the bottle only after rummaging through the drawers of the dresser. This evidence is directly conflicting. The nature of the search depends upon whose testimony is believed. We must assume, from the trial court's ruling, that the testimony of the officers was believed. If the officers are not to be believed in this case, there would be serious doubt whether ransacking a person's dresser drawers is a reasonable incident of an arrest for a violation of the hotel ordinance. See *State v. Chinn,* supra. However, as Johnson is contending that the search was unreasonable, it was up to him to produce some credible proof that would justify the trial court in believing his story. See *Jones v. United States,* 362 US 257, 80 S Ct 725, 4 L Ed2d 697, 78 ALR2d 233 (1960). We accept the trial court's view of the disputed facts.

■ The next question is whether the property taken was subject to seizure. It is not enough that the search was lawful; the thing seized must also be subject to the law's demand. *State v. Chinn,* supra. The defendant argues that the police could not have known that the pill bottle contained a contraband drug (ORS 474.140) until after they seized it, and therefore he

contends that the seizure of the bottle could not have been lawful in any event. This contention is not supported by the facts. While it may be true in the abstract that the police may not, without a warrant, seize property at random upon mere suspicion that such property is an implement of crime, it is equally true that the police are entitled to use common sense in dealing with seizable articles which lawfully come to their attention. See *Draper v. United States,* 358 US 307, 79 S Ct 329, 3 L Ed2d 327 (1959); *United States v. Camarota,* 278 F 388 (SD Cal 1922). As we have noted, the officers said they recognized the narcotics registry number. The drugs in the bottle were contraband within the meaning of ORS 474.140. Under ORS 474.020, mere possession of narcotic drugs, except as provided elsewhere in the same chapter, constitutes an offense. Johnson has never asserted that he had a prescription. Accordingly we need not now decide whether the statutory qualifications making possession under a prescription legal could be said to render the bottle of pills immune from seizure if a prescription had been asserted.

■ Johnson also argues that an arrest for one offense does not justify seizure of property used in the commission of other offenses. Similar arguments have been rejected by the United States Supreme Court. See *Harris v. United States,* 331 US 145, 67 S Ct 1098, 91 L Ed 1399 (1947), followed in *Abel v. United States,* 362 US 217, 80 S Ct 683, 4 L Ed2d 668 (1960). We see no need to shackle law enforcement by recognizing criminal specialties and carving out immunities for criminals whose antisocial behavior may be heteromorphous.

The court correctly overruled the motion to suppress the evidence, and the judgment must be affirmed.