Argued October 28, affirmed November 21, petition for
rehearing denied December 16, 1969. Petition
for review denied by Supreme Court
January 27, 1970

STATE OF OREGON, *Respondent, v.*
CLARK BROWN, *Appellant.*

461 P.2d 836

*Gary D. Babcock,* Public Defender, Salem, argued the cause for appellant. With him on the brief was J. Marvin Kuhn, Deputy Public Defender, Salem.

*F. LaGard Smith,* Deputy District Attorney, Vale, argued the cause for respondent. With him on the brief was H. Clifford Looney, District Attorney, Vale.

LANGTRY, J.

This is an appeal from a conviction of unlawful cultivation of a narcotic drug (ORS 474.030), after waiver of jury and trial by the court. The claimed error is the trial court's order denying a motion to suppress evidence which consisted of marihuana plants seized in a greenhouse pursuant to a search warrant.

The evidence showed that a police officer, in casual conversation with a Mr. Davison, who testified, was told that tea was being raised in a greenhouse on the Scott property in the area where they were and that it ought to be investigated. The officer reported this to his superior who referred the matter to Officer Lewis for investigation. The latter proceeded to the property. There was no response to his knock at the residence and he went around the house looking for an occupant. The greenhouse consisted of a newly constructed wood frame over which clear plastic material was stretched. It was about 100 feet behind the house. The officer went beyond the greenhouse and found no one. As he returned toward the house, he could see plants on the inside of the greenhouse leaning against the plastic material. He testified that he rec-

ognized them to be marihuana plants. State's Exhibit 2, in evidence, which is a color picture taken the following day, showed the plants substantially as they were when the officer saw them through the plastic on the previous day. It demonstrates that the plants were clearly visible from outside the greenhouse. The officer testified that he was familiar with marihuana plants; that he had attended classes where he had learned about their identification; and that he had seen them growing "many" times. After leaving the premises, he went to the town of Nyssa where he contacted his superior officer and the two of them proceeded back to the outside of the greenhouse where they both observed the plants. There was still no one at the premises.

Based upon his investigation, the officer made his affidavit in support of a search warrant and the search warrant was issued, providing, among other things, for the seizure of the plants. The affidavit for the search warrant states unequivocally that the officer observed the growing plants in the greenhouse, and that they were marihuana.

On the motion to suppress, and after hearing evidence, the trial court made the following order:

"* * * [T]he Court does find that Officer Lewis was on the premises searching for the occupant of the premises to discuss with him the complaint that had been received. That Officer Lewis went to the house looking for the occupant thereof. That he went to the greenhouse. The greenhouse was locked. That he walked to the west of the greenhouse looking out over the premises. No occupant was there, and that he saw this plant at that time up against the plastic on the inside of the greenhouse and was able to identify it. So it's the Court's decision here that this police officer

was fulfilling his duty when he went to the premises to discuss this matter with the occupant and he was fulfilling his duty when he was attempting to go find the occupant, and I can't find anywhere in this case where the officer was trespassing or where he was conducting an unreasonable search, so the Motion is denied."

The substance of defendant's position is that the officer was improperly trespassing upon the property when he viewed the plants and that, therefore, it was an unreasonable search under the United States and Oregon Constitutions and the evidence should be suppressed.

■ Determination of the legality of searches necessarily depends in each case upon its own particular facts. *United States v. Rabinowitz,* 339 US 56, 65-66, 70 S Ct 430, 94 L Ed 653 (1950). It is established in the law of search and seizure that an open-field investigation, even though the officers may be upon the private property of the defendant, is not unreasonable and is not cause for suppressing seized evidence. This principle is applied in cases cited in the defendant's own brief.

*Hester v. United States,* 265 US 57, 44 S Ct 445, 68 L Ed 898 (1924). The court held evidence obtained by officers who had concealed themselves on defendant's land close to his house should not be suppressed. It was a valid open-field search.

*Care v. United States,* 231 F2d 22 (10th Cir), cert den 351 US 932 (1956). An open-field search is not objectionable, but buildings within the curtilage of the home are protected from intrusion; each case must be determined from facts concerning the use of the building, the test being whether it is an adjunct to the

domestic economy of the family. Cf. *State v. Lee*, 120 Or 643, 648-49, 253 P 533 (1927).

*Janney v. United States*, 206 F2d 601 (4th Cir 1953). Evidence seized as a result of standing in defendant's barnyard, from which place the evidence in the barn was visible, should not be suppressed.

*United States v. Hassell*, 336 F2d 684 (6th Cir 1964), cert den 380 US 965 (1965). Under federal law the search of open fields without a search warrant is not constitutionally unreasonable.

Other cases which defendant cites stand for the proposition that peering through a window into a part of the home curtilage to obtain information that supports seizure of evidence is cause to suppress the evidence. *State of Texas v. Gonzales*, 388 F2d 145 (5th Cir 1968); *United States v. Calabro*, 276 F Supp 284 (SD NY 1967); *Brock v. United States*, 223 F2d 681 (5th Cir 1955).

In another case cited by defendant, the California Supreme Court, in September 1969, condemned a search through a trash can a few feet from defendant's door which produced marihuana not visible without rummaging in the can. This was a warrantless search. *People v. Edwards*, 80 Cal Rptr 633, 458 P2d 713 (Cal Sup Ct September 24, 1969).

■ None of the precedents mentioned above, and none relied upon by defendant, is analogous to the fact situation in the case at bar. Defendant's principal residence was in Nampa, Idaho, not the searched premises. The evidence shows that the marihuana plants were clearly visible, without a close scrutiny, from the outside of the greenhouse. There is no evidence that the officer made any attempt to peek or look closely into the dwelling house, a tent which was

pitched near the greenhouse, or the greenhouse itself. In *Nally v. Richmond,* 105 Or 462, 470, 209 P 871 (1922), the Oregon Supreme Court said that " 'Searching' is generally a function of sight not necessarily disturbing the possession of the premises."

The officer went to the property and tried to find someone there with whom he could talk about the report that had been made. No one was there, and while he was determining that, he saw what was clearly visible from the open area behind the house. He knew what the plants were and knew them to be in violation of the law. He did not proceed, as frequently is the case where a search is condemned, by breaking into the greenhouse to seize the plants, but, rather, he reported to his superior officer, came back with the superior officer and confirmed his previous conclusions. He then obtained a search warrant after which the arrest and search pursuant to the warrant were made. The officer's observance of the rights of the defendant and of his obligation to obtain a search warrant were commendably in line with his duty.

■ The suppression of evidence which is taken as a result of a trespass does not include every trespass, but rather one which has inherent in it "a prying into hidden places for something that is concealed, something that has been intentionally put out of the way." *People v. Alvarez,* 236 Cal App 2d 106, 45 Cal Rptr 721 (1965). It is arguable whether a visitor with business to conduct becomes a trespasser by going upon private premises to look for an occupant. If the officer's investigation could be called a trespass, it will not invalidate a subsequent warrant seizure of evidence which was in plain sight. *Mosco v. United States,* 301 F2d 180 (9th Cir), cert den 371 US 842

(1962) ; *Teasley v. United States,* 292 F2d 460 (9th Cir 1961) ; *Boim v. State,* 194 So2d 313 (Fla 1967) ; *Browne v. State,* 24 Wis2d 491, 129 NW2d 175 (1964), cert den 379 US 1004 (1965).

The judgment is affirmed.