Argued September 23, affirmed October 2, 1970

STATE OF OREGON, *Respondent*, (Case
#69-136-C) *v.* RONALD LEE ROBBINS,
*Appellant.*
474 P2d 772

*Harold M. Sliger*, Klamath Falls, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Upon trial by jury the defendant was convicted of negligent homicide as the result of having driven a motor vehicle in a grossly negligent manner. ORS 163.091. He contends that the trial court erred (1) in failing to sustain the defendant's motion for a mistrial following the testimony of police officers concerning intoxicating liquor seized from the automobile before a hearing was held on the defendant's motion to suppress evidence of the liquor; (2) in failing to sustain the defendant's motion to suppress the evidence of the liquor; and (3) in failing to sustain the defendant's motion to strike testimony concerning the seized liquor.

On June 21, 1969, the defendant's car crashed into an on-coming car, killing two of the three occupants of the on-coming car. Police officers investigating the crash saw beer cans on the back seat of the defendant's car. They seized 12 full, and four empty, 12-ounce cans.

Although it was agreed that a pre-trial hearing on the defendant's motion to suppress the beer cans

would be held, no such hearing was held. The beer cans were never offered in evidence. However, the officers who had been at the scene of the accident testified regarding the beer cans they had seen and the odor of beer they smelled in the car while seizing the cans.

■ No objection was made when the officers testified about the beer cans and the odor. Later, the defendant requested a mistrial on the grounds that this testimony should have been suppressed. The judge held a hearing in his chambers and denied the motion.[①]

■ Even assuming the motion for mistrial was timely, the trial judge ruled correctly. Evidence of a crime in plain view from a place where an officer is entitled to be is subject to seizure. *State v. Brown*, 1 Or App 322, 461 P2d 836 (1969) Sup Ct *review denied*; *State v. Johnson*, 232 Or 118, 374 P2d 481 (1962). No warrant is necessary to validate a seizure of the evidence when, in order to avoid its loss, the evidence is taken from a motor vehicle disabled on a public highway. Cf. *State v. Edwards*, 3 Or App 179, 471 P2d 843 Sup Ct *review denied* (1970). Since the car was properly entered, the evidence was admissible.

Affirmed.

---

[①] No prejudicial error resulted from the failure of the court to hold a pre-trial hearing on the defendant's motion to suppress. Neither the full nor the empty beer cans were introduced into evidence, and no objection was made to the failure of the court to hold the hearing. There is some indication that this evidence mysteriously disappeared prior to trial. In any event, the record is not clear as to why a pre-trial hearing on the motion to suppress was not held.