Argued June 21, reversed and remanded for further proceedings
July 15, petition for rehearing denied August 10, petition
for review denied October 5, 1971

STATE OF OREGON, *Appellant, v.*
THEODORE CHARLES ELLIOTT, *Respondent.*

486 P2d 1296

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*David L. Smedema,* Corvallis, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant, indicted for unlawful possession of narcotics and a dangerous drug, moved to suppress evidence (the drugs) on the ground they were obtained as the result of an unlawful search and seizure. The trial court suppressed and the state appeals pursuant to ORS 138.060 (4).

No evidence was presented at the hearing on the motion to suppress so the facts to be considered are those set forth in the affidavit for search warrant. It reads as follows:

> "I, STANLEY M. MARSHALL, being first duly sworn on oath, depose and say that:
> "I am a Deputy Sheriff with the Benton County Sheriff's Office.

"This morning, November 1, 1970, at approximately 9:15 a.m., I arrived at the scene of a one-car accident which occurred on Highway 99W approximately three quarters of a mile south of Monroe. My investigation revealed that the vehicle involved, a 1965 Volkswagen, two door, Oregon license No. CCE-353, was heading north on Highway 99W and after rounding a curve left the road and went approximately 175 feet into the brush. The car came to arrest [sic] on its side near a pond. A Thomas Andrew Chasm, a passenger in the vehicle, was injured and taken to the Good Samaritan Hospital in Corvallis. I talked to a Theodore Charles Elliott at the scene and he indicated that he was the driver of the car. He was also taken to the Good Samaritan Hospital for examination.

"I have caused a check to be made with the Oregon State Department of Motor Vehicles on the 1965 Volkswagen, Oregon license No. CCE-353 and they have informed me that the registered owner is a Ted C. and Juanita B. Elliott.

"While investigating the area surrounding the car, I saw floating on the water in the pond two baggies containing vegetable matter. I have seized these items and they have been examined visually by myself and James Dolan, Deputy Sheriff for Benton County, and the material from visual examination appears to be marihuana. I also found in the water near the aforementioned baggies of vegetable material several cans of Coor's beer, some empty and some full. I also found under the car a full can of Coor's beer. I also found five or six empty cans of Coor's beer in the aforementioned vehicle. Some of the cans had blood on them. I observed that the aforementioned Theodore Charles Elliott had a cut on one of his hands.

"At the accident scene I talked to a Mr. Webber, one of the first persons at the scene of the accident, and he informed me that after Mr. Chasm was removed from the vehicle and taken up to the highway that the aforementioned Theodore Charles Elliott

was down near the vehicle by himself for a few minutes.

"To the best of my knowledge Coor's beer is not sold in the State of Oregon and I believe that the aforementioned beer and baggies containing vegetable material came from the aforementioned vehicle.

"The vehicle was removed from the accident scene by the Alpine Wrecker Company and taken to the Alpine Garage in Alpine, Benton County, Oregon, and is presently being stored there.

"Deputy Duane Stonewall of the Benton County Sheriff's office interviewed the aforementioned Thomas Andrew Chasm at the Good Samaritan Hospital and he indicated that he and the aforementioned Theodore Charles Elliott were returning to Corvallis from the State of Idaho and they had purchased the beer in that state. Deputy Stonewall further informed me that Mr. Chasm requested that we search for his glasses and billfold which he thought would be located in the vehicle. Deputy Stonewall, James Dolan and myself went to the Alpine Garage at approximately 3:30 p.m. this afternoon to search the car for the aforementioned glasses and billfold. The glasses were located, however, we were unable to find the billfold. While searching for the glasses and billfold, we found in the glove compartment five handrolled cigarettes containing the same type of vegetable material as contained in the aforementioned baggies. We did not seize the handrolled cigarettes at that time and the vehicle was locked after we completed our search for the glasses and billfold. I have probable cause to believe that narcotic drugs, to-wit: marihuana, are being illegally concealed in the aforementioned 1965 Volkswagen, Oregon license No. CCE-353, registered to Ted C. and Juanita B. Elliott, and therefore pray the above-entitled court to issue a search warrant to examine the interior of the 1965 Volkswagen, Oregon license No. CCE-353, registered to Ted C. and Juanita B. Elliott, and

any luggage contained therein to search for the aforementioned narcotic drugs."

■ The trial court apparently was of the opinion that the search in this case was unlawful because the affidavit was insufficient to support a magistrate's determination that probable cause existed to search defendant's automobile. This was error.

The affidavit recites that the police investigating a one-car accident observed an automobile overturned near a pond. Under the vehicle and in it were some beer cans of unusual brand and in the pond also were seen identical beer cans and some floating baggies of marihuana. This information alone in the affidavit would have supported a magistrate's determination that there existed probable cause to believe that other marihuana would still be in the car.

> " 'Probable cause exists where the facts and circumstances within the officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Brinegar v. United States, supra, 338 U.S. 160, 175-176, 69 S.Ct. 1302, 93 L.Ed. 1879; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. * * *' " *DiPiazza v. United States,* 415 F2d 99, 105 (6th Cir 1969).

■ ■ In addition the affidavit recites that the police were asked by the passenger in defendant's automobile to retrieve some of his personal property, a billfold and his glasses, which were probably in the automobile. It was while the police were complying with the passenger's request that they observed the marihuana. The request of the passenger to regain his property for him from the automobile was sufficient

authority for the police to enter the vehicle for that purpose. *Frazier v. Cupp,* 394 US 731, 740, 89 S Ct 1420, 22 L Ed 2d 684 (1969), and *State v. Frazier,* 245 Or 4, 6-8, 418 P2d 841 (1966). Since the police were where they had a right to be at the time they observed the suppressed marihuana, they could have seized it without a warrant.

> "* * * Evidence of a crime in plain view from a place where an officer is entitled to be is subject to seizure. *State v. Brown,* 1 Or App 322, 461 P2d 836 (1969) Sup Ct *review denied; State v. Johnson,* 232 Or 118, 374 P2d 481 (1962). * * *" *State v. Robbins,* 3 Or App 472, 474, 474 P2d 772 (1970).

■ What the officers saw in accomplishing the passenger-solicited quest, by itself, also provided adequate support for the magistrate's determination that probable cause existed to search the automobile.

Reversed and remanded for further proceedings.