Argued June 22, affirmed October 19, 1971

# STATE OF OREGON, *Respondent, v.* ROBERT HORACE DRUMMOND, *Appellant.*

489 P2d 958

*Nick Chaivoe,* Portland, argued the cause for appellant. With him on the brief were Peterson, Chaivoe & Peterson, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted by jury verdict of vio-

lating ORS 480.070① which prohibits the unlawful possession of a fire bomb.

He contends on appeal that: (1) ORS 480.070 is unconstitutional because it is vague and overbroad; (2) the trial judge improperly denied his pretrial motion to suppress certain evidence obtained by an allegedly illegal search and seizure; and (3) the trial court erred in denying defendant's motion for a new trial, based on allegations that defendant was denied a fair trial by statements of the prosecutor and the witness, Ronald R. Huntley.

At approximately 12 midnight, on July 17, 1969, four officers were sent to the vicinity of Fry Roofing Company to investigate a possible fire-bombing incident. They were informed that the vehicles involved would be a 1967 green Volkswagen and a 1956 or a 1957 brown Ford station wagon. Two officers walked up to an unoccupied 1967 green Volkswagen which they had earlier seen defendant driving. Through a partially open window the officers detected the odor of a petroleum derivative. Using a flashlight, they looked inside and observed a beer case with beer bottles in it with rags sticking out of the bottles. The door of the vehicle was opened by inserting a stick through the partially open window. The vehicle was entered and

---

① ORS 480.070 provides:

"(1) No person shall possess a fire bomb. For the purpose of this section a 'fire bomb' is a breakable container containing a flammable liquid with a flash point of 150 degrees Fahrenheit or less, having an integral wick or similar device capable of being ignited, but no device commercially manufactured primarily for the purpose of illuminating shall be deemed to be a fire bomb for the purpose of this section.

"(2) This section shall not prohibit the authorized use or possession of such fire bomb by a member of the Armed Forces of the United States or by any member of a regularly organized public fire or police department."

the beer case along with the rags and bottles, which contained gasoline, were seized. The officers then saw the station wagon and observed that defendant was a passenger in it. They followed the station wagon, stopped it and arrested defendant for the possession of a fire bomb.

(1) As his first assignment of error, defendant claims that ORS 480.070 is unconstitutionally vague and overbroad. Defendant asserts that the all-encompassing nature of the statute renders it unreasonable and in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States because it includes many lawful, common, useful and perfectly acceptable uses of flammable liquids.

■ Where the statute at issue purports to regulate or proscribe First Amendment rights, courts have allowed defendants to challenge the statute as vague and overbroad as it applies to others. *Dombrowski v. Pfister,* 380 US 479, 491-92, 85 S Ct 1116, 14 L Ed2d 22 (1965).[⊗] However, where, as here, First Amendment rights are not affected, the defendant must show the statute is unconstitutional as applied to him. In the instant case the possession of beer bottles filled with gasoline having rags sticking out of the tops is clearly proscribed by the statute and constitutionally subject to proscription. As we observed in *State v. Schulman,* 6 Or App 81, 84, Sup Ct *review denied,* 485 P2d 1252 (1971):

" "* * * [O]ne to whom application of a statute is constitutional will not be heard to attack the

---

[⊗] For a discussion of this area, see dissent of Justice White in Coates v. Cincinnati, 402 US 611, 618, 91 S Ct 1686, 29 L Ed 2d 214, 219 (1971).

statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional * * *.' *United States v. Raines,* 362 US 17, 21, 80 S Ct 519, 4 L Ed 2d 524, 529 (1960)."

■■ Defendant's second assignment of error is that the trial court improperly denied his motion to suppress the evidence of the fire bombs. Defendant contends that since the officers had to use a flashlight to see the fire bombs in his auto, the "plain view" doctrine does not apply. This contention is without merit as the observation, aided by a light, of that which is open to view is not a search. *State v. Riley,* 240 Or 521, 523, 402 P2d 741 (1965). The officers were on a street open to the public, smelled the odor of a petroleum derivative through a partially open window, looked in with the aid of a flashlight, and saw the fire bombs in a beer case behind the front seat. They then entered the car and seized the contraband. Evidence of a crime in plain view from a place where an officer is entitled to be is usually but not always subject to seizure. *State v. Huddleston,* 5 Or App 9, 480 P2d 454; Sup Ct *review denied* (1971); *State v. Robbins,* 3 Or App 472, 473-74, 474 P2d 772 (1970).[9]

■ (3) The final assignment of error is that the trial court erred in denying defendant's motion for a new trial, based on allegations that defendant was denied a fair trial by the acts of the prosecutor and the witness, Ronald R. Huntley. Defendant contends that a series of incidents that took place at the trial, taken together, created such prejudice against the defendant

[9] For a recent in-depth discussion of the "plain view" exception, *see* Coolidge v. New Hampshire, 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564, 582-86, rehearing denied 404 US 874 (1971).

that he was deprived of a fair trial. The first of these incidents was the taking of pictures of defense witness, Huntley, while he was testifying at the trial, by a photographer from the Willamette Bridge, a so-called underground newspaper. After confiscating the film out of the presence of the jury, the court instructed the jury to disregard the interruption, explained that the photographer was from the Willamette Bridge, "and there is no relationship between that newspaper and any of the parties involved in this litigation." This incident does not furnish grounds for a new trial since the court properly instructed the jury to disregard it and the jury is presumed to have followed the court's instructions. *State v. Roberts,* 249 Or 139, 437 P2d 731 (1968); *State v. Livingston,* 2 Or App 587, 469 P2d 632 (1970).

■ The second incident was an asserted attempt by the prosecution on cross-examination of defense witness, Jon Moscow, to link him with the Willamette Bridge. Inasmuch as no objection was made during trial, this question will not be considered for the first time on appeal. *State v. Tremblay,* 4 Or App 512, 479 P2d 507, S Ct *review denied* (1971).

■ The third incident was a statement by the prosecutor in reply to the court's question as to whether he had any rebuttal witnesses. He replied, "Yes * * * that is, if he gets here alive." Thereafter, private investigator Huntley was recalled to the stand. While the foregoing remark was improper, it was not objected to nor was a motion for mistrial made. We conclude that the remark was not sufficiently prejudicial to warrant ordering a new trial.

■ The fourth incident, which came to light at the hearing on the motion for a new trial, was a state-

ment made by Huntley earlier while the judge and attorneys were in chambers, to the effect that there had been threats on his life before. This statement was heard by several members of the jury. The jurors were extensively examined at the hearing on the motion for a new trial as to the effect of this statement alone and in conjunction with the other alleged errors. The jurors unanimously testified that these incidents had no effect on their deliberations or verdict. It is to be presumed that the jurors testified truthfully. *State v. Elkins,* 248 Or 322, 432 P2d 794 (1967); *State v. Tucker,* 5 Or App 283, 286, 483 P2d 825, Sup Ct *review denied* (1971). The question of whether to grant a new trial is generally a matter within the discretion of the trial judge. *State v. Nichols,* 236 Or 521, 388 P2d 739 (1963). Considering the entire record, the decision not to grant a new trial was clearly not an abuse of this discretion.

Affirmed.