Argued March 25, affirmed April 15, reconsideration denied
May 22, petition for review denied June 11, 1974

# STATE OF OREGON, *Respondent, v.* JOHN ELBERT MAHON, JR. AND LOUIS MICHAEL SHEEDY (Nos. 8042 and 8035), *Appellants.*

521 P2d 37

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellants. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Robert E. Brasch,* District Attorney, Coquille, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Police officers executed a search warrant for a private residence occupied by defendants and a third person. Contraband, in the form of illegal drugs, was found inside the house and on the floor of defendant Sheedy's pickup truck, which was parked in the driveway of the residence. Thereafter defendants were charged, tried and convicted of criminal activity in drugs. ORS 167.207.

Defendants' sole assignment of error is that the affidavit for the search warrant was defective in that it was based on information furnished by unnamed juvenile informants whose reliability was not sufficiently established, and thus failed to meet the *Aguilar* test. *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964). Defendants also argue that since the warrant was defective, the officers were not legally on the premises; therefore contraband seen lying on the floor of Sheedy's pickup truck could not legally be seized.

The affidavit for the search warrant states that

the affiant, a police officer, obtained information about drug activity at defendants' house from several juveniles he questioned concerning a homicide investigation; that the affiant proceeded to defendants' residence to inquire about drug activity being carried on there; that when the affiant arrived at defendants' residence, he knocked at the door but received no answer; that he walked around the house looking for an occupant and, in doing so, observed various drug-related paraphernalia clearly visible through open or uncovered windows of the house; that he also observed a GMC van parked in the driveway which, because of prior contact with defendant Mahon, he recognized as belonging to Mahon; and that a marihuana cigarette was plainly visible protruding from the pocket of a jacket lying within the van.

We conclude that the above-described affidavit meets the *Aguilar* test. As in *State v. Brown,* 1 Or App 322, 461 P2d 836 (1969), Sup Ct *review denied* (1970), *State v. Stanton,* 7 Or App 286, 490 P2d 1274 (1971), and *State v. Corbett,* 15 Or App 470, 516 P2d 487 (1973), Sup Ct *review denied* (1974), where an officer, legitimately upon the property, can observe contraband and drug-related paraphernalia in plain view and clearly visible, we cannot say that defendants had a reasonable expectation that such items would not be seen. The record does not reveal any "peeking," "peering" or any other form of searching, such as occurred in *State v. Evans,* 16 Or App 189, 517 P2d 1225, Sup Ct *review denied* (1974), which would render these observations a constitutionally impermissible search. *See also, State v. Bauer,* 16 Or App 443, 446, 519 P2d 96, Sup Ct *review denied* (1974). The officer's visual observations were not, therefore, a constitutionally impermissible

search. *State v. Brown; State v. Stanton; State v. Corbett,* all supra.

■ The affiant's independent investigation produced information which directly corroborated the information of drug activity given to affiant by the unnamed juveniles. On this basis the affidavit contains evidence of the reliability of the informants, *State v. Macomber,* 16 Or App 54, 517 P2d 344, Sup Ct *review allowed* (1974), and therefore furnishes a factual basis upon which the magistrate could reasonably find that probable cause existed for issuance of a search warrant.

■ Because we hold that the search warrant was not defective, the officers were legally on defendant's premises. Thus contraband which was readily observable within defendant Sheedy's pickup truck, without entering the vehicle to search, could legally be seized by the officers and used as evidence against defendants. *State v. Drummond,* 6 Or App 558, 489 P2d 958 (1971).

Affirmed.