Submitted on record and appellant's brief April 24, reversed and remanded May 6, 1974

IN THE MATTER OF THE RETENTION OF ONE 1971 THUNDERBIRD AUTOMOBILE.

BLACKSHEAR, *Respondent, v.* STATE OF OREGON (No. 390-095), *Appellant.*

521 P2d 1320

Al J. Laue, Assistant Attorney General, Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

This is an action brought under ORS 167.247, 471.660 and 471.665 concerning forfeiture of a vehicle used to transport contraband. The trial judge refused to order forfeiture and the state appeals.

Plaintiff owned and was operating a vehicle when a passenger was arrested for possessing heroin. The passenger was thereafter convicted of the crime of criminal activity in drugs. The plaintiff-owner of the vehicle was not charged with or convicted of any crime arising out of that use of his vehicle. The trial judge held that under the relevant statutes there could be no forfeiture of the vehicle, because the plaintiff-owner who was in charge of the vehicle at the time of the incident had not been arrested and convicted.

ORS 167.247 (2) provides:

"Any * * * vehicle * * * used by or with the knowledge of the owner, operator or person in charge thereof for the unlawful transportation, possession or concealment of narcotic or dangerous drugs shall be forfeited to the state and in the same manner and with like effect as provided in ORS 471.660 and 471.665."

Those statutes, which were amended by the 1973 legislature in respects not material to the sole issue before us, read in pertinent part at the time of the hearing below:

"When any * * * officer of the law discovers any person in the act of transporting alcoholic liquors in violation of law, in * * * any * * * automobile * * * he shall seize any and all alcoholic liquor found therein, take possession of the vehicle * * * and arrest any person in charge thereof." ORS 471.660.

"The court, upon conviction of the person arrested under ORS 471.660, shall order * * * a sale at public auction * * * of the property seized * * *." ORS 471.665 (1).

The latter statute then goes on to provide that if it is established that the owner of the vehicle had no knowledge that the vehicle was used or was to be used in violation of law the vehicle shall be returned to the owner.[1]

" '* * * [I]t is the duty of the court to construe the act, if possible, so that it is a reasonable and workable law and not inconsistent with the general policy of the legislature.' " *Fox v. Galloway,* 174 Or 339, 347, 148 P2d 922 (1944), cited with approval in *State v. Irving,* 268 Or 204, 206-07, 520 P2d 354 (1974).

It is clear from the statutory requirement of ORS 471.660 that says, "arrest any person in charge thereof" means "in charge of the contraband," and does not mean "in charge of the vehicle." The latter interpretation would be unreasonable; it would require the driver of a car to be arrested even if the evidence conclusively showed the driver had no knowledge that his

---

[1] The 1973 amendments to ORS 471.665 transfer the burden of proof as to "knowledge" from the owner to the state.

passenger possessed contraband. The only reasonable interpretation of the statutory scheme is that if a vehicle is used for transporting contraband, (1) the vehicle shall be seized, (2) the person or persons engaged in the criminal activity taking place in the vehicle shall be arrested and charged, and (3) if a conviction for the criminal activity results from the charge, the owner shall forfeit the vehicle if he used or knowingly permitted the vehicle to be used for that criminal activity.

Trial counsel for the plaintiff-owner correctly analyzed the situation when in a colloquy between court and counsel he stated:

> "I think the only question now before the Court is the question of knowledge of the * * * [plaintiff-owner] of whether or not * * * [the passenger] was in possession of narcotics at that time."

Reversed and remanded for further proceedings consistent with this opinion.