Argued July 19, reversed and remanded August 12, 1974

# STATE OF OREGON, *Appellant, v.* LARRY GORDON WHITE, *Respondent.*

525 P2d 188

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Albert J. Bannon,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

TANZER, J.

This is an appeal by the state from an order suppressing marihuana taken as evidence in a warrantless arrest of defendant and in a warrantless search of his home.

On November 8, 1973, Officer Trummer of the Portland Police Bureau Narcotics Detail received an anonymous phone call advising him that the residents of 2043 Pine were possibly dealing in drugs. Around midnight Officers Trummer and Baxter began observing the defendant's house. Over a half-hour period the officers observed people leaving and a stereo playing so loudly as to be heard over two blocks away. An undercover officer arrived and he and Baxter walked to the front door, intending to offer to purchase some drugs. While on the front porch approaching the door, the officers necessarily passed a window. There was a six-inch vertical gap between the window curtains. Through the gap the officers saw on a lamp table a plastic bag containing loose green material which resembled and later proved to be a pound of marihuana.

The two officers moved to the front door. Through the front door window they saw a table on which were scales, small plastic bags, and at least two pounds of apparent marihuana. A large fire burned in the fireplace. The officers knocked on the door for over two minutes but could not be heard due to the loudness of

the stereo. The volume was so high that the door trembled. They entered the house, arrested defendant and seized the evidence in plain view.

The defendant contended successfully in the trial court that the police violated his Fourth Amendment right of privacy by going upon his front porch. The observation and seizure of the marihuana, defendant contends, were therefore unlawful.

The lawfulness of the officers' presence upon defendant's front porch must be determined in light of the validity of defendant's claim of an expectation of privacy there. The claim of privacy is measured against the twofold test enunciated by Mr. Justice Harlan in *Katz v. United States,* 389 US 347, 88 S Ct 507, 19 L Ed 2d 576 (1967), adopted by this court in *State v. Stanton,* 7 Or App 286, 293-94, 490 P2d 1274 (1971), and applied in *State v. Corbett,* 15 Or App 470, 474, 516 P2d 487 (1973), *rev den* (1974):

> " '* * * [T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as "reasonable". * * *' 389 US at 361."

■ Under these circumstances, any expectation the defendant had of privacy regarding his front porch could not be regarded as reasonable. As we held in *Corbett,* the area of public approach to a house is less reasonably expected to be private than other areas. Particularly in this case, with music being broadcast to the neighborhood at tremendous volume, it would be unreasonable not to expect somebody to approach the house by way of the front porch.

Mr. Justice Harlan's concurring statement of the

rule in *Katz* goes on to explain how observations of property in plain view are to be regarded:

"A man's home is, for most purposes, a place where he expects privacy, but objects, activities or statements he exposes to the plain view of outsiders are not protected because no intention to keep them to himself has been exhibited." 389 US at 361.

Such observations are therefore available as the basis for probable cause. *State v. Brown,* 1 Or App 322, 461 P2d 838 (1969).

■ The observation in plain view of easily disposable substances in the possession of the defendant constitutes exigent circumstances justifying a warrantless entry and seizure of contraband. *State v. Drummond,* 6 Or App 558, 489 P2d 958 (1971); *State v. Huddleston,* 5 Or App 9, 480 P2d 454, *rev den* (1971); *State v. Robbins,* 3 Or App 472, 474 P2d 772 (1970).

Reversed and remanded.

FORT, J., specially concurring.

I concur in the result. I believe that the police had reasonable cause, because of the totality of the circumstances relating to the extraordinary volume of noise disturbance of the surrounding area, to approach the private home to investigate the reason therefor. Here such activity within the home clearly extended into public areas and, indeed, unreasonably violated the reasonable expectations of privacy of other persons in private premises over a two-block area at a late hour of the night or early morning. Thus, entry onto the front porch was, whatever the declared purpose of the police, reasonable. Upon such entry, the extreme volume of the noise was such that pro-

longed efforts to attract a response from persons within by the police, shouting and hammering on the door, went unheeded, and thus presumably unheard. Under such unusual and exigent circumstances, the entry into the house in the manner used here was no more unreasonable than had the police been drawn to the premises by signs of a dwelling on fire and entered under similar circumstances.

It has long been the rule that where there is probable cause to arrest a person, the fact that the police arrest him for the wrong reason, i.e., one for which probable cause does not exist, does not invalidate the arrest nor a reasonable search incident thereto. *State v. Cloman,* 254 Or 1, 12, 456 P2d 67 (1969) ; *State v. Somfleth,* 8 Or App 171, 492 P2d 808, Sup Ct *review denied* (1972). Thus, the entry onto the front porch and also into the dwelling were lawful on these unusual facts. Following the entry into the home, the contraband was in plain view and thus its seizure was valid.

Accordingly, I do not find it necessary to decide whether the opinion of the majority is consistent with the rationale of *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2021, 29 L Ed 2d 564 (1972) and cases therein discussed. Nor do I understand that, as the court seems to imply, a warrantless entry into and search of a private home is to be measured by the same standards as those governing the seizure of evidence in a motor vehicle. *See, Cady v. Dombrowski,* 413 US 433, 439, 93 S Ct 2523, 2537, 39 L Ed 2d 706 (1973).