Argued July 19, affirmed August 12, 1974

In the Matter of the Retention of One 1967 Ford
Station Wagon Automobile, Oregon License
# MDH - 683

JOSEPH WILLIAM BOPP, *Appellant, v.* STATE
OF OREGON (No. 392273), *Respondent.*

525 P2d 196

*Stephen A. Moen,* Portland, argued the cause for appellant. With him on the brief was Thomas D. Kerrigan, Portland.

*Al J. Laue,* Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

FORT, J.

Pursuant to ORS 167.247 and former ORS 471.665, the trial court ordered the claimant's car forfeited. He appeals. The parties have executed and filed a Narrative Statement of Facts in which it is agreed that this appeal is limited to the following issues: Do the foregoing statutes violate the Due Process Clause of the Fourteenth Amendment by failing

(1) To require the giving of notice to motor vehicle owners prior to forfeiture or forfeiture hearing;

(2) To afford a convicted defendant the right to a hearing prior to the forfeiture of a motor vehicle; and

(3) To require the state to assume the burden of proof in such a hearing, or to define the magnitude of the burden?

The agreed Statement of Facts also sets forth the following:

"* * * * *

"On November 28, 1973, a hearing was held before the Honorable Clifford B. Olsen, Judge of Circuit Court of the State of Oregon for Multnomah County. Present in the courtroom was Joseph Bopp, represented by counsel, Stephen A. Moen, and the State of Oregon appeared through David L. Hattrick, Deputy District Attorney.

"Joseph Bopp had been advised of the hearing through his attorney. Further, he was transported to the hearing from the Oregon State Correctional Institution pursuant to a Transport Order issued upon Motion of the District Attorney.

"At the hearing, the State assumed the burden of proof and put on testimony proving that (1) the defendant had been notified of the hearing, (2) the defendant had been convicted of Criminal Activity in Drugs, and (3) that the Ford automobile had been used in the transportation of illegal narcotics. The defense offered no evidence. * * *

"* * * * *."

From the foregoing, it is clear that no First Amendment right is here involved. Essentially, the claims relate to procedural due process.

In *State v. Drummond,* 6 Or App 558, 562, 489 P2d 958 (1971), we said:

"Where the statute at issue purports to regulate or proscribe First Amendment rights, courts have allowed defendants to challenge the statute as vague and overbroad as it applies to others. *Dombrowski v. Pfister,* 380 US 479, 491-92, 85 S Ct 1116, 14 L Ed 2d 22 (1965). However, where, as here, First Amendment rights are not affected, the defendant must show the statute is unconstitutional as applied to him. * * *" (Footnote omitted.)

More recently, the United States Supreme Court, in *Broadrick v. Oklahoma,* 413 US 601, 610-11, 93 S Ct 2908, 37 L Ed 2d 830 (1973), discussed the question of standing to challenge the constitutionality of a statute. It said:

"Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied

unconstitutionally to others, in other situations not before the court. [Citations omitted.] A closely related principle is that constitutional rights are personal and may not be asserted vicariously. [Citation omitted.] These principles rest on more than the fussiness of judges. They reflect the conviction that under our constitutional system courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws. * * *"

Here it is agreed that both the claimant, through his attorney, and his attorney did, in fact, receive notice in advance of the hearing; that both he and his attorney were present at the hearing; and that the state at the hearing did assume both the burden of proof and that of going forward with the evidence. In short, the Narrative Statement establishes that he was in each area here challenged accorded procedural due process. No question is raised concerning the timeliness or content of the notice.

Since the defendant in this proceeding was in fact accorded all of the due process rights which he contends the statute does not expressly provide for, we conclude under the foregoing authorities that he lacks the standing to challenge the validity of the statutes on the grounds here asserted. *See also: Blackshear v. State,* 17 Or App 364, 521 P2d 1320 (1974).

Affirmed.

SCHWAB, C. J., specially concurring.

I see no reason to avoid meeting the issues raised by the claimant on the ground that he lacks standing, although I agree that he does not have standing. The first two issues raised by the claimant, denominated as (1) and (2) in the majority opinion, have been squarely decided adversely to the claimant's position

by *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 US 663, 94 S Ct 2080, 40 L Ed 2d 452 (1974).

As to the remaining issue, the burden of proof issue, I would only note that in the case at bar the state assumed the burden of proof and that the current provisions of ORS 471.665, as we noted in *Blackshear v. State,* 17 Or App 364, 521 P2d 1320 (1974), specifically place the burden of proof on the state.