Argued May 15, affirmed July 5, 1978

STATE OF OREGON, *Appellant,*
*v.*
ROBERT GRAVES MIEBACH, *Respondent.*
(No. 77-3651, CA 10026)
580 P2d 1082

Jonathan H. Fussner, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

PER CURIAM.

**PER CURIAM.**

The order of suppression is affirmed. *Chimel v. California,* 395 US 752, 89 S Ct 2034, 23 L Ed 2d 685 (1969); *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

Affirmed.

**THORNTON, J.,** dissenting.

A group of police officers went to defendant's residence to arrest another individual who was reported to be living there. While some of the officers went to the front door with an arrest warrant, Detective Wight was dispatched to the backyard of the house to guard against escape. As Wight went through the backyard to his lookout point near the rear of the house, he happened to observe a small plastic greenhouse next to the house in which some type of green plants were growing. Several minutes later, after completing his lookout mission and just before leaving the backyard to rejoin the other officers, he went over and took another look at the contents of the greenhouse. He testified that the structure was only 6 to 10 feet from where he had been standing. Officer Wight was able to see inside through a gap in the plastic sheeting covering the greenhouse. He immediately recognized the green vegetable matter to be marihuana plants.

The majority concludes that the officer was not entitled to step over to this greenhouse and have a closer look at the plants he saw there minutes before.

I submit that this ruling unduly restricts the scope of police authority to investigate possible illegal activity. As I see it this was a permissible plain view observation made from a place where the officer had a right to be. *See, State v. Brown,* 1 Or App 322, 461 P2d 836 (1969), *rev den* (1970); *State v. Henderson,* 8 Or App 252, 493 P2d 75, *rev den* (1972); *State v. Alexander,* 9 Or App 42, 495 P2d 51, *rev den* (1972); *State v.*

*Mahon/Sheedy,* 17 Or App 177, 521 P2d 37, *rev den* (1974).

The instant case is totally distinguishable on the facts from *Chimel v. California,* 395 US 752, 89 S Ct 2034, 23 L Ed 2d 685 (1969), cited and relied upon by the majority. The facts in the above listed decisions are more comparable to those at bar than those in *Chimel.* In each we upheld the officer's actions. I would do the same here.