Submitted on record and appellant's brief April 29;
resubmitted in banc December 17, 1981, reversed and remanded
for trial January 11, reconsideration denied February 25,
petition for review allowed August 3, 1982
See later issue Oregon Reports

## STATE OF OREGON,
*Appellant,*

*v.*

## ANDREW STEPHEN PAIGE,
*Respondent.*

## (No. 10-80-07972, CA A20052)

638 P2d 1173

J. Pat Horton, District Attorney for Lane County and Darryl L. Larson, Assistant District Attorney, Eugene, filed the brief for appellant.

No appearance contra.

ROBERTS, J.

Gillette, J., dissenting opinion.

## ROBERTS, J.

This is an appeal by the state from an order sustaining defendant's demurrer to a charge of coercion. Our decision is controlled by the decision in *State v. Robertson,* 54 Or App 630, 635 P2d 1057 (1981), the defendant in this case having been indicted along with the defendant in *Robertson* for the crimes of first degree sodomy and coercion arising from the same single incident.

■ The opinion in *Robertson* made clear that the basis of its holding that the coercion statute, ORS 163.275, is constitutional was its finding that it is not a statute regulating speech. It is this position with which the author of the dissent in this case disagrees. This difference is significant because if ORS 163.275 *were* a statute regulating speech then, following *Dombrowski v. Pfister,* 380 US 479, 14 L Ed 2d 22, 85 S Ct 1116 (1965) and *State v. Drummond,* 6 Or App 558, 489 P2d 958 (1971), defendant could challenge the constitutionality of the statute as it might be applied in a variety of hypothetical situations.[1] The author of the dissent in *Robertson* and the author of the dissent here have also attempted to provide hypothetical examples. As *Drummond* noted, however, if First Amendment rights are *not* affected, defendant must show that the statute is unconstitutional *as applied to him. Drummond,* 6 Or App at 562.

ORS 163.275 makes it a crime when one "compels or induces another person to engage in conduct from which he has a legal right to abstain, or to abstain from engaging in conduct in which he has a legal right to engage * * *." The definitions for "compel" and "induce" in Webster's Third New International Dictionary 463, 1154, (17th ed 1976) indicate that these words mean to force or bring about a desired action. That is, the offense of coercion is not committed until the victim *acts,* and the dissent misrepresents the thrust of the statute when it calls "the act of making the threat * * * [the] gravamen of the offense." The drafters of the statute said as much in the commentary to the Oregon Criminal Code of 1971 (1975 ed), at p. 131:

---

[1] Defendant in this case has filed no respondent's brief, but his attorney was also the defense attorney in *Robertson* and this was the type of challenge set forth in that appeal.

"Coercion as defined by the proposed draft requires *successful* intimidation; the victim must actually act or refrain from acting. A mere threat or attempt failing of its coercive purpose would constitute attempted coercion." (Emphasis supplied.)[2]

■ The making of the threat is not the basis of the offense, but only a manner of bringing it about. Since, therefore, it is not speech but conduct — the act of overpowering another's will — which the coercion statute proscribes, defendant can only succeed on his constitutional claims by showing the statute is unconstitutional as applied to him. Here, as in *Robertson,* defendant makes no attempt to do so.

Reversed and remanded for trial.

**GILLETTE, P. J.,** dissenting.

This is a criminal case in which defendant was charged by indictment with one count each of sodomy in the first degree, ORS 163.405, and coercion. ORS 163.275. The trial court sustained defendant's demurrer to the coercion count on the grounds that the subsection of ORS 163.275 under which defendant was charged in this case is unconstitutional. The state appeals pursuant to ORS 138.060(1). The majority today reverses the trial court's ruling on the basis of *State v. Robertson,* 54 Or App 630, 635 P2d 1057 (November 9, 1981), which held the statute was not unconstitutional. Because I believe *Robertson* was wrongly decided, I dissent.

With respect to Count II of the indictment, the parties agree that the stated record before the trial court reflected that the essential facts of the case would show that the defendant and his three accomplices threatened to show to the female victim's parents, or to others, a picture of the victim engaged in a sexual act, unless the victim performed oral sodomy on them.

The statutory provision involved is ORS 163.275(1)(e), which provides:

"(1) A person commits the crime of coercion when he compels or induces another person to engage in conduct

---

[2] We are not required here to make a determination whether a statute making attempted coercion a crime would be constitutional.

from which he has a legal right to abstain, or to abstain from engaging in conduct in which he has a legal right to engage, by means of instilling in him a fear that, if the demand is not complied with, the actor or another will:
* * * * *

"(e) Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt, or ridicule; * * * "[1]

In *State v. Robertson, supra,* in response to defendant's claim that the statute in question here was overbroad and violative of his free speech right under the First Amendment and Art I, § VIII, of the Oregon Constitution, this court held,

"* * * Here, the statute is not *directed* at the act of communicating and in that respect is like any other criminal statute defining a crime, such as robbery, which may incidentially involve communication. Defendant also argues that speech is *indirectly* affected by the provision. He contends that the speech which is 'chilled' is that involved in the threat to 'expose a secret or publicize an asserted fact.' What is prohibited by this particular section of the coercion statute, however, is the conduct of compelling another to act or refrain from acting by means of a promise to *forego* the threatened speech. We find no First Amendment invasion." (slip opinion at 2)

With all due respect to the majority and to the panel of this court which decided *Robertson,* saying there is no First Amendment violation does not make it so. In fact, the clear import of this statute extends so completely and insidiously into areas of free speech that its unconstitutional sweep is manifest. The fact that the constitutional infirmity from which the statute suffers does not necessarily directly affect the charge brought against this defendant is irrelevant. As this court noted in *State v. Drummond,* 6 Or App 558, 562, 489 P2d 958 (1971), it is only where First Amendment rights are *not* affected that "the defendant must show the statute is unconstitutional as applied to him." As the Supreme Court has more recently stated it:

---

[1] As the state notes, the theft by extortion statute, ORS 164.075, is in similar language and format. The difference between coercion and theft by extortion is said by the state to be the difference between the delivery of property (theft by extortion) and the doing or the forebearing to do some act. While it seems to me that the former is subsumed in the latter, that question is not involved in this case.

"'* * * [A] legislature can make a law as 'broad' and inclusive as it chooses unless it reaches into constitutionally protected ground. * * *

"It follows that to attack a statute as 'overbroad' necessarily implies that it impinges on some constitutionally protected right other than fair notice or 'due process.' * * *'" *State v. Blocker,* 291 Or 255, 261, 630 P2d 824 (1981).

Contrary to the view expressed in *Robertson,* the act forbidden by the statute in question here is clearly and solely speech. "Compelling" or "inducing" another person to engage in some conduct from which that person has a legal right to abstain, or to abstain from engaging in conduct in which that person has a legal right to engage, by means of instilling fear in that person that the one making the threat will expose a secret or publicize an asserted fact can only be accomplished by speech, be it telephonic, telegraphic, parol, or by sign language. It is the act of making the threat which is the gravamen of the offense. This court's attempt in *Robertson* to skirt around that self-evident fact just will not wash.

The fact that it is speech which is prohibited by the statute still does not end the inquiry, because it is necessary to ascertain whether some speech which falls within the statutory language would be protected by the First Amendment in order to be certain that the statute is unconstitutional. However, this is a very simple step to take. Myriad examples come to mind of verbal threats designed to produce action by another which come close to being the essence of free speech in a democratic society, but which the plain language of this statute would forbid. One example would be a constituent coming to a candidate for re-election for public office and telling him or her, "If you take a public stand on the issue of abortion, I will expose the fact that you were once involved in a meretricious relationship." Closer to home, one appellate judge might tell another, "Change your opinion, or I shall dissent and expose your complete ignorance of this area of the law."[2]

The fact that we all may feel reasonably confident that no prosecutor in this state is likely to bring any

---

[2] I hasten to add that I have made no such threat toward the majority in this case, and I trust that my disclaimer will be sufficient to forfend my being charged with a felony which could get me sent to prison for five years.

criminal charge which he perceives to touch upon protected First Amendment expression does nothing to keep the statute's existence from having a chilling effect on the free expression of those who, unlike the author of this dissent, are less sanguine about a prosecutor's capacity to perceive elements of protected speech in certain "gray areas."

While I would hope that the foregoing discussion would be sufficient to demonstrate the error in both this decision and *Robertson,* I should also note an additional difficulty with this statute which has not been referred to by the parties but which I consider to be of great significance.

The coercion offense charged in this case, like the coercion offense charged in *Robertson,* involved forcing a victim to perform a deviate sexual act under threat of disclosure of an alleged fact or document. As I read the statutes, such conduct is presently unlawful as sexual abuse in the second degree under ORS 163.415.[3] When one thinks about it, most of the coercion charges actually to be brought under this statute are virtually certain to involve facts which offend other criminal statutes as well. In the present cases, sexual abuse in the second degree is a Class A misdemeanor. Coercion is a Class C felony. The distinction in potential penalties—five years for coercion, 90 days in jail for sexual abuse in the second degree—places a prosecutor in the position of choosing the sentence for a criminal act by choosing the charge, although precisely the

---

[3] ORS 163.415 provides:

"(1) A person commits the crime of sexual abuse in the second degree if he subjects another person to sexual contact; and

"(a) The victim does not consent to the sexual contact; or

"(b) The victim is incapable of consent by reason of being under 18 years of age, mentally defective, mentally incapacitated or physically helpless.

"(2) In any prosecution under subsection (1) of this section it is an affirmataive defense for the defendant to prove that:

"(a) The victim's lack of consent was due solely to incapacity to consent by reason of being under 18 years of age; and

"(b) The victim was more than 14 years of age; and

"(c) The defendant was less than four years older than the victim.

"(3) Sexual abuse in the second degree is a Class A misdemeanor."

same conduct is involved under either statute. As the Supreme Court said in *State v. Pirkey,* 203 Or 697, 704-705, 281 P2d 698 (1955), concerning a single statute with respect to which two different punishments were provided,

> "The statute in question here defines and prohibits a specific act and provides punishment therefor, but there is no semblance of a classification which would enable one to ascertain under what circumstances he may be guilty of a felonious crime, or under what circumstances he may be guilty only of a misdemeanor. So far as the statute is concerned, the same identical act, under the same circumstances, may constitute a felonious crime when committed by one person, and a misdemeanor when committed by another. It might be said that this statute classifies punishments, but does not classify the circumstances to which the diverse punishments are to be applied. This is not legal classification. It is legal chaos. * * *"

What the Supreme Court held to be unlawful under a single statute in *Pirkey* is not made lawful simply because it appears in the guise of two separate statutes in separate places in the statute books. For this reason, too, the statute in question is unconstitutional.

I respectfully dissent.

Warden, J. and Young, J., join in this dissent.