Argued May 27, affirmed June 9, reconsideration denied
July 15, petition for review denied August 6, 1975

STATE OF OREGON, *Respondent, v.* LOUIS
CHARLES SCHRAG (No. 8511), *Appellant.*

536 P2d 461

*Claud A. Ingram,* John Day, argued the cause for appellant. With him on the brief were Ingram & Schmauder, John Day.

No appearance by respondent.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

Defendant was convicted after jury trial of criminal activity in drugs by (1) possession and (2) cultivation of marihuana. ORS 167.207.

He appeals contending that the court erred: (1) in refusing to grant his motion to suppress and finding that there was probable cause to search and exigent circumstances, and (2) in denying defendant's motion to dismiss.

The facts involved are as follows: The Powers police department received a telephone call from a housewife that two young men had entered the house across the street and were burglarizing it. When the officers arrived in response to the call at about 2:30 p.m., the neighbor opened her window and called out: "One of them went through the woodbin. He is in the house."

The officers went to the front of the house where they found a male juvenile in the front yard and took him into custody. One officer then went through the wood chute in order to unlock the front door. Another officer, Sgt. Lee, then went to the back. Shortly thereafter, Sgt. Lee apprehended a second male juvenile in a tree. Sgt. Lee then went around to the front but the other officers had already entered

the house. Sgt. Lee then entered also. In the meantime the officers who had entered earlier discovered a large amount of marihuana plants hanging in the bedrooms and utility room. The challenged seizure followed. Approximately 40 pounds of marihuana plants were found by the officers. The officers testified that they had no prior knowledge concerning the presence of marihuana in the house.

The suspected 'burglars' turned out to be two boys, one of whom had been employed to mow the lawn and put in wood.

The house had been rented by defendant's wife. The couple had been separated. Defendant denied that he was living at the house. The wife, however, testified that defendant was living with her at the time.

█ It is our conclusion that the trial judge did not err in refusing to grant defendant's motion to suppress, and finding there was probable cause to search and exigent circumstances.

The report and information which the officers received from a concerned neighbor were sufficient to permit the officers to enter the house. We agree with the trial judge that the facts and circumstances known to the officers would warrant a prudent man in believing that a felony was being committed, and in concluding that prompt entry was necessary to apprehend the suspects. *State v. Poteet,* 9 Or App 231, 495 P2d 783, Sup Ct *review denied* (1972). It was in the course of checking out the house for the suspects that the officers found the contraband.

*State v. Branch,* 13 Or App 248, 508 P2d 254 (1973), relied upon by defendant, is distinguishable because there no exigent circumstances were present. Further, in *Branch* the information furnished to the police was insufficient and lacked the requisite degree of reliability.

■ As we held in *State v. Young,* 11 Or App 276, 501 P2d 1001 (1972), a private citizen, police officer or other public official (fireman), who is in a place where he has a right to be, and who then observes contraband, has a right if not an obligation to act against the offense.

Defendant's second assignment is directed at the state's alleged failure to prove that defendant had possession and control of the marihuana because of the testimony of defendant's brother-in-law, Charles Casey, Jr. Mr. Casey testified that defendant had shown Casey the plants and that he had told defendant:

> "Well, I told him, I said, 'Don't get caught.' I mean, I gave him that advice, for what it was worth. It wasn't worth much, as you can see, but I told him, you know, I said, 'Just don't get caught.' "

Defendant argues that the foregoing proves that Casey was an accomplice.

■ Mere presence at the scene of a crime, with knowledge that a criminal violation is being committed, ordinarily is insufficient evidence to convict a person as an aider or abettor. *Hicks v. United States,* 150 US 442, 14 S Ct 144, 37 L Ed 1137 (1893). Likewise, acquiescence in the actions of another is insufficient to constitute aiding or abetting. *State v. Stark,* 7 Or App 145, 151-52, 490 P2d 511 (1971).

■ The foregoing described conduct by Casey without more would not make him an accomplice.

Affirmed.