Argued February 24, reversed and remanded March 21, 1977

STATE OF OREGON, *Appellant,*
*v.*
MARTIN EDWARD PLANT, *Respondent.*
(No. C 76-04-05386, CA 7150)

561 P2d 647

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The state appeals from the granting of defendant's motion to suppress evidence seized by a police officer without a warrant from the motel room defendant was occupying. ORS 138.060(3).

On April 15, 1976, defendant rented a motel room and paid one day's rent. Forty minutes after checkout time the next day, a maid entered defendant's room after knocking on the door and receiving no answer, and saw defendant lying on a bed, apparently unconscious.[1] The maid summoned the manager of the motel who then called the police. Upon entering the room, the police officer responding to the manager's call saw defendant lying on the bed, still unconscious, and several packets and one vial of brown powder which he later seized. Defendant does not contend that the evidence seized was not in the plain view of the officer upon the officer's entry into the room. The only question on appeal is whether a warrant was required prior to the officer's entry. *Harris v. United States,* 390 US 234, 88 S Ct 992, 19 L Ed 2d 1067 (1968).

It is well established that:

"* * * [P]olice officers may enter a dwelling without a warrant to render emergency aid and assistance to a person whom they reasonably believe to be in distress and in need of that assistance * * *." *Root v. Gauper,* 438 F2d 361, 364 (8th Cir 1971).

Under the circumstances present in this case, the police officer was not only authorized to enter defendant's room without a warrant, but had a duty to do so in order to render whatever assistance might have been necessary.[2] As the officer's entry into the room

---

[1] Defendant does not contend that the maid had no authority to enter his room.

[2] Numerous cases uphold warrantless entries or searches on facts substantially like those present here. *See,* e.g., *United States v. Dunavan,* 485 F2d 201 (6th Cir 1973) (defendant thought to be in insulin shock); *Vauss v. United States,* 370 F2d 250 (DC Cir 1966) (defendant lay

did not require a warrant, the evidence he seized would not have been suppressed.

Reversed and remanded.

---

unconscious in street); *State v. Sanders,* 8 Wash App 306, 506 P2d 892 (1973) (police called to give medical assistance). We find none that hold to the contrary.