Argued and submitted February 13, reversed and
remanded for trial April 7, reconsideration denied May 15,
petition for review denied July 2, 1980 (289 Or 337)

STATE OF OREGON,
*Appellant,*

*v.*

LINDA DIANNE JONES,
Respondent.

(No. DA 166871-7903, CA 15756)

608 P2d 1220

James M. Brown, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Martha Takara, Certified Law Student, Portland, argued the cause for respondent. With her on the brief was Linda K. Eyerman, Portland.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Defendant was charged in a misdemeanor complaint with three counts of child neglect, ORS 163.545. Prior to trial she moved to suppress all evidence obtained without a warrant after the police entered her residence. The trial court allowed the motion. The state informed the court that it wished to appeal the order of suppression, but the court dismissed the complaint on the ground that the state was unprepared to proceed to trial. The state appeals the suppression order and the order dismissing the complaint.

There is no conflict in the evidence and the court made no findings of fact. The evidence presented at the hearing on the motion to suppress discloses the following sequence of events. At approximately 1:30 a.m. the police dispatcher received an anonymous telephone complaint that young children had been left alone at a particular residence. A police officer was dispatched to the residence to investigate the complaint. He arrived at the residence, which appeared to be an apartment, at 1:35 a.m. The television was playing so loudly it could be easily heard from the outside. The officer knocked on the front door. As he was awaiting an answer to his knock he observed, through a window, what appeared to be the living room which was in disarray. A child, approximately four to eight months old, was crying loudly and being comforted by a two year old child. Both children were seated on a mattress lying in front of the television set. He saw two other children, the oldest being five years old. He saw no adults in the room. The five year old child answered the door and told the officer to go to the back door as the front door would not open. The officer went to the back door and pushed it open when the five year old child had difficulty turning the door knob. The officer asked the child where its mother was and the child replied that she was not at home.

The officer looked in the other rooms of the apartment and determined that no adults were present. The

children were taken into protective custody and the officer took photographs of the apartment. The trial court suppressed all evidence, including the officers observation, obtained after he entered the apartment.

Defendant argues, in support of the order suppressing the evidence, that the officer had neither probable cause to believe that defendant was committing a crime nor a reasonable basis to believe that an emergency situation existed requiring the immediate intervention by the police. Defendant appears to argue that even if the situation could reasonably have been viewed as an emergency, the officer must still have a probable cause basis to enter without a warrant.

The state argues that the uncontoverted evidence demonstrates that the officer could reasonably believe that there was an emergency which required immediate attention. We conclude that the officer's entry into the residence was justified by the emergency doctrine. It is unnecessary to discuss defendant's contentions regarding probable cause.

The principle of the emergency doctrine was recognized by the Supreme Court in *Mincey v. Arizona,* 437 US 385, 98 S Ct 2408, 57 L Ed 2d 290 (1978):

"* * *We do not question the right of the police to respond to emergency situations. Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid.* * *" (Footnotes omitted.) 437 US at 392.

The emergency doctrine is founded upon the actions of police officers which are considered reasonable under the circumstances that faced the officer at the time of entry. The element of reasonableness to enter the premises is supplied by the compelling need to assist persons in need. The officer's basis for entering the residence is not based on probable cause to believe a crime has been or is being committed; consequently, a probable cause analysis is irrelevant in determining if

the entry was permissible. The inquiry is whether the facts available to the officer would lead a prudent and reasonable officer to see a need for immediate action to protect life or property. *Wayne v. United States,* 318 F2d 205 (DC Cir 1963). When faced with what he reasonably and in good faith believes to be an emergency, an officer's action should not be reviewed with severe judicial scrutiny in light of a hindsight analysis of the evidence. Even if the officer's conclusion that an emergency situation existed is ultimately determined to be erroneous, his actions should be upheld if the circumstances, as they appeared at the time of entry, would lead a prudent and reasonable officer to conclude immediate action was necessary. An officer facing a perceived emergency must make a hasty decision. He is not afforded the luxury of calm detached deliberation as are the judges reviewing his conduct.

The officer observed four small children, the oldest being five years old, awake at 1:35 a.m. A baby was crying more than normally and was being comforted by a two year old child. The living room was in substantial disarray with eating utensils and food lying about. The officer could observe no adults and was told as he entered the apartment that the children's mother was not home. From these facts, which were not controverted, the officer could reasonably conclude that the situation of the young children being unattended may continue for a period of time, or that if a responsible adult was in the residence that person may need assistance. We conclude that the court erred in suppressing the evidence and erred in dismissing the complaint. *State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975).

Reversed and remanded for trial.