Argued and submitted May 2, resubmitted In Banc October 5, affirmed
December 14, 1988

# STATE OF OREGON,
*Appellant,*

*v.*

# ROBERT K. BRAMSON and
# KERRY A. BRAMSON,
*Respondents.*

## (87-CR-0037-JC; CA A45831)

765 P2d 824

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Thomas J. Crabtree, Bend, argued the cause for respondents. With him on the brief was Crabtree & Rahmsdorff, P.C., Bend.

WARREN, P. J.

Newman, J., specially concurring.

Riggs, J., dissenting.

## WARREN, P. J.

Defendants were charged with the manufacture and possession of a controlled substance. ORS 475.992. The state appeals from an order granting defendants' motion to suppress evidence obtained by police after a warrantless entry of their home. We affirm.

On January 19, 1987, at about 7:20 a.m., Officer Mack of the Bend Police Department investigated a report from an unnamed source of an open front door of a residence, the occupants of which were reportedly out of town. When he arrived at the residence, a vehicle was in the driveway, the front door was open and the screen door, which was closed, had no screen or glass in the center section. The temperature was approximately 30 degrees.

Mack called for a backup unit and watched the house until Officer Fields arrived, five to seven minutes later. During that time, Mack did not see any activity in or around the house; he did not walk around the house or look inside it. The trial court found that the house was not lighted and that there was no other evidence of unauthorized entry into the premises, such as an open window, footprints or noises. The officers approached the front door, called out twice and, receiving no response, entered. At the time the officers entered the house, or shortly before, Fields told Mack that some weeks before a neighbor had reported possible drug activity at the house. Mack testified that that information did not cause him to act any differently than he otherwise would have, because "[he] felt that [they] still had an obligation to check to make sure that there was no medical emergency or that there was a crime, or a crime being committed." Mack discovered marijuana in the kitchen and basement. The officers did not seize the contraband at that time but, on the basis of what they observed, obtained a search warrant.

The state argues that the police were justified in entering the residence to ascertain whether a burglary was in progress or whether their assistance was otherwise required. We conclude that under the Supreme Court's recent holding in *State v. Bridewell,* 306 Or 231, 759 P2d 1054 (1988), as well as under the law before *Bridewell,* the evidence was properly suppressed.

In *Bridewell* the court discussed two possible grounds for a warrantless search in a criminal context. The first is the "emergency/exigent circumstances exception," which requires a showing of both probable cause and exigent circumstances. 306 Or at 236. There must be an "emergency" to satisfy the exigent circumstances requirement. 306 Or at 236. The Supreme Court, in *dictum,* also recognized the "emergency aid doctrine."[1] 306 Or at 236. Under that, if the police lack probable cause, but have, instead, a reasonable belief or suspicion of criminal activity, they may enter to aid a crime victim actually in need of aid. That exception also requires that there be a "true emergency."[2] 306 Or at 237.

Alternatively, under *Bridewell,* police officers, like private individuals, may enter a residence in situations not implicating criminal law enforcement functions to render emergency assistance under a "community caretaking function." Absent statutory or other authority from a politically accountable body to enter upon a person's premises, evidence of crime discovered during such an entry must be suppressed. 306 Or 239-40.

The initial inquiry is whether the police had probable cause to believe that a burglary had been or was being committed. We conclude that they did not have probable cause to look for criminal activity. The officers knew only that the front door was open and that the screen door had no glass or screen, that the weather was cold, that a vehicle was in the driveway and that the residents were reportedly out of town. There was, however, no report or other indication of unauthorized entry or criminal activity. The broken door screen and the open front door would not have led a prudent officer to believe that a burglary was being or had been committed. *State v. Apodaca,* 85 Or App 128, 133, 735 P2d 1264 (1987). The open door was at least as consistent with the occupants' neglect as it was with a burglary. The report that the residents were out of town and

---

[1] The court noted that is has not yet had occasion to apply the "emergency aid doctrine." *State v. Bridewell, supra,* 306 Or at 237. (*Citing State v. Davis,* 295 Or 227, 238, 666 P2d 802 (1983)).

[2] The court in *Bridewell* stated:

"However, even where courts may accept a reasonable belief or suspicion, as opposed to probable cause, as a basis to apply the emergency aid doctrine to law enforcement activities, this means a true emergency." 306 Or at 237.

the fact that a car was in the driveway were insufficient to give rise to probable cause to look for criminal activity. It is clear that the facts known to the officers would not support the issuance of a warrant. Accordingly, the warrantless entry can not be justified under the "emergency/exigent circumstances exception."

■ Even if we were to agree with the dissent that there was probable cause to believe that a burglary had been committed, there was no evidence of an exigency or emergency arising from criminal activity, which is required by both the "emergency/exigent circumstances exception" and the "emergency aid doctrine." The residents were reportedly out of town and, therefore, not in danger. Further, there was no evidence that anyone was inside the unlighted house and therefore nothing to suggest an urgent need to enter the property.

■ Assuming that the officers entered the premises pursuant to their "community caretaking function," incriminating evidence resulting from the entry would have to be suppressed, because there is no evidence of statutory authority for their entry. *See State v. Bridewell, supra,* 306 Or at 239-40. The trial court properly suppressed the evidence.

Affirmed.

**NEWMAN, J.,** specially concurring.

I concur in the majority opinion except for this statement:

> "The Supreme Court, in *dictum,* also recognized the 'emergency aid doctrine.' 306 Or at 236. Under that exception, if police lack probable cause, but have, instead, a reasonable belief or suspicion of criminal activity, the police may enter to aid a crime victim actually in need of aid. That exception also requires that there be a 'true emergency.' 306 Or at 237." 94 Or App at 377 (1988). (Footnotes omitted.)

Later in its opinion, the Supreme Court stated:

> "We never have expressly held that emergencies solely justify warrantless entries in a criminal context, and we decline to do so here." 306 Or at 237.

I would not suggest that *Bridewell* permits a warrantless entry in a criminal case in the absence of probable cause. Existence of probable cause is still essential.[1]

Joseph, C. J., and Graber, J., join in this specially concurring opinion.

**RIGGS, J.,** dissenting.

Because I disagree with the majority's conclusions that the search in this case was conducted without probable cause and in the absence of exigent circumstances, I dissent.

I believe that the investigating officers in this case had probable cause to believe that criminal activity was occurring within defendants' home.[1] Although it was a cold winter morning, the home stood open to the elements. A vehicle was in the driveway. Defendants were reported to be out of town.

We have previously held that exigent circumstances justify a warrantless entry when the suspect is still present at the scene of a burglary. *Collier v. City of Portland,* 57 Or App 341, 346, 644 P2d 1139 (1982); *State v. Schrag,* 21 Or App 655, 657, 536 P2d 461, *rev den* (1975). I would hold that the officers, having probable cause to believe that a thief would be found within burglarized premises, were justified in making a warrantless entry for the limited purpose of apprehending the suspect.

I agree with the majority that *State v. Bridewell,* 306 Or 231, 759 P2d 1054 (1988), would bar the use of the evidence

---

[1] In *Bridewell,* the court concluded its discussion with the statement:

"In situations implicating criminal law enforcement functions, law enforcement officers may enter without a warrant to render emergency assistance under the emergency/exigent circumstances exception to the warrant requirement. In situations not implicating criminal law enforcement functions and not justified by the emergency/exigent circumstances exception, law enforcement officers, like private individuals, also may enter to render emergency assistance. In the latter situation, however, incriminating evidence arising from the intrusion by law enforcement officers must be suppressed." 306 Or at 239. (Footnotes omitted.)

[1] *State v. Apodaca,* 85 Or App 128, 735 P2d 1264 (1987), is distinguishable. There, we held that "a broken front door screen and an open front door would not lead a prudent and reasonable officer to believe that a burglary was being committed or had been committed." 85 Or App at 133. Here, however, the police were presented with additional circumstances rendering the possibility of an innocuous explanation more remote. We also noted in *Apodaca* that the police observed marijuana through the windows *before* entering the home.

seized were this a search conducted pursuant to a civil investigation, sometimes euphemistically known as "community caretaking." This is not such a case. These officers were investigating what they had probable cause to believe was a burglary, and I do not believe an appropriate application of the *Bridewell* analysis requires suppression under these facts.

Rossman, J., joins in this dissent.