## STATE OF OREGON,
*Appellant,*

*v.*

## DIANE LYNN WATSON,
*Respondent.*

(87030454; CA A44778)

769 P2d 201

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Francis W. Linklater, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals an order suppressing drugs found in defendant's purse during the investigation of a traffic accident. The state contends that the officer lawfully entered defendant's car and opened her purse pursuant to his community caretaking function and that the contraband in plain view could be lawfully seized. We affirm.

Deputy Sheriff Cole arrived at the accident scene and found an overturned van and emergency medical technicians providing medical assistance to defendant, who was lying on the ground. Defendant was only semi-conscious and could not provide Cole with pertinent information. A passenger who had been in defendant's car told Cole defendant's name and that she lived on Prairie Road, but he did not know her middle name, her precise address, her telephone number or her birthdate.

In order to gather information to assist in defendant's medical treatment and to complete his accident report, Cole reached into the overturned vehicle and retrieved a purse that he thought might contain defendant's driver's license. When he opened the purse, he found three clutch purses. He opened one of them and found a baggie of marijuana. He closed the clutch purse with the marijuana inside and put it inside his shirt. He ultimately found a hunting license, which gave the information that the emergency medical technicians wanted. After defendant was taken to a hospital, Cole reentered the van and found the vehicle registration and insurance information. Defendant's liability insurance had expired, and Cole decided to issue a citation for careless driving and driving uninsured.

At the hospital, after she was released, defendant admitted to Cole that her insurance had expired. At that point he issued citations for the two driving offenses and possession of less than one ounce of marijuana. Defendant then accompanied Cole to his patrol car so that he could return the small clutch purse and issue a receipt for the marijuana which he intended to seize. While removing the marijuana from the purse, he discovered, in a separate compartment, a clear cellophane plastic bag containing white powder, which he seized because he thought that it contained methamphetamine.

Defendant was indicted on two counts of possession of a controlled substance. ORS 475.992(4). She moved to suppress all items seized, arguing that the search and the seizures were unlawful. The trial court granted the motion, reasoning that Cole had sufficient information from other sources and, therefore, did not need to search the purse for purposes of medical treatment or to complete his report.

The state concedes that Cole did not have probable cause or reasonable suspicion that the vehicle or defendant's purse contained evidence of criminal activity. It contends that the seizure was lawful, because opening the purse was authorized as part of the "community caretaking" function. According to the state, when an officer is carrying out that function, his actions are measured by reasonableness. It argues that Cole acted reasonably, given the administrative and medical need for information. Accordingly, the state argues, Cole lawfully opened defendant's purse and lawfully seized the contraband that was in plain view after the purse was opened.

■ ■ We have explicitly and implicitly recognized that police activity may be authorized by a community caretaking function. *See, e.g., State v. Bridewell,* 87 Or App 316, 742 P2d 648 (1987), *rev'd* 306 Or 231, 759 P2d 1054 (1988); *State v. Apodaca,* 85 Or App 128, 133, 735 P2d 1264 (1987). However, the Supreme Court recently concluded:

> "There is no generic 'community caretaking function.' Whether law enforcement officers have specific functions is a matter of statutory law." *State v. Bridewell, supra,* 306 Or at 239.

Consequently, when police act in a capacity other than criminal law enforcement, entry into protected areas may only be made pursuant to "statutory or other authority from a politically accountable body." *State v. Bridewell, supra,* 306 Or at 239; *see also State v. Pidcock,* 306 Or 335, 341-42, 759 P2d 1092 (1988); *Nelson v. Lane County,* 304 Or 97, 101-06, 743 P2d 692 (1987). Only if that authority exists and if discovery otherwise meets the plain view exception to the warrant requirement is the evidence admissible. *Nelson v. Lane County, supra,* 304 Or at 104, n 5; *see also State v. Pidcock, supra.* When presented with situations not directly related to a criminal violation investigation, police may still enter protected areas to render

aid or assistance, notwithstanding a lack of statutory authority, but, under Article I, section 9, any evidence discovered is inadmissible in a criminal prosecution. *State v. Bridewell, supra,* 306 Or at 239-40; *see also State v. Okeke,* 304 Or 367, 373, 745 P2d 418 (1987).

The state cites numerous statutes for the proposition that there is "legislative recognition that police are expected to investigate serious crimes."[1] However, the statutes do not explicitly provide authority for police to enter protected areas. For example, the state cites ORS 810.460, which imposes a duty on a police officer to file an accident report. It argues that that statutory duty implies the right to collect the information needed to fill out the report. Although authority to enter a protected area may be implied if that action is necessary to accomplish a statutory duty, *State v. Pidcock, supra,* law enforcement convenience does not justify the entry. The trial court found that Cole did not need to search defendant's purse to acomplish his duty to fill out an accident report. We are bound by that finding, because there is evidence supporting it. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

The state also contends that Cole's actions were justified by the generalized need to assist with defendant's medical treatment. The officer testified that the emergency medical technicians and the hospital needed defendant's name, address and telephone number in order to obtain information necessary for proper medical treatment. As the court suggested in *State v. Okeke, supra,* even if a "search" is necessitated by the demands of immediate medical attention, evidence of criminal activity discovered is not admissible in a criminal trial. *See also State v. Bridewell, supra.*

Affirmed.

---

[1] The state cites ORS 153.110, ORS 807.570, ORS 810.410, ORS 810.460 and ORS 811.725. In particular, ORS 810.460(1)(a) provides:

"A police officer shall submit a written report to the division whenever the officer does any of the following:

"(a) Investigates a vehicle accident which ORS 811.725 or 822.600 requires to be reported."