PER CURIAM.
Because (1) the warrantless police entry into the defendant Gina Walker’s apartment through a partially opened door was reasonable under the Fourth Amendment and Article I, Section 12 of the Flori-da Constitution, based on the exigent circumstances exception to the search warrant requirement rule, as the police, contrary to the defense argument, had good reason to believe that two unattended crying children on the premises may have been harmed by unknown persons, see Mincey v. Arizona, 437 U.S. 385, 392, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978); Wooten v. State, 398 So.2d 963, 966 (Fla. 1st DCA), rev. dismissed, 407 So.2d 1107 (Fla.1981); State v. Jones, 45 Or.App. 617, 608 P.2d 1220, 1222, rev. denied, 289 Or. 337 (1980), and (2) the warrantless police seizure of crack cocaine and drug paraphernalia from the night stand in the bedroom of the apartment where one of the two children was located was reasonable under the Fourth Amendment and Article I, Section 12 of the Florida Constitution, based on the plain sight exception to the search warrant requirement rule, see Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Grant v. State, 374 So.2d 630, 632 (Fla. 3d DCA 1979); Webster v. State, 201 So.2d 789 (Fla. 4th DCA 1967), we conclude that the trial court properly denied the defendant’s motion to suppress the cocaine and drug paraphernalia. The final judgments of conviction and sentences under review are, accordingly,
Affirmed.